07-14-32 Nasalok Coating Corporation v. Nylok Corporation Good morning, Your Honors. My name is Eric Pelton, and I represent the appellant in this case, Nasalok Coating Corporation. I'd like to reserve five minutes, please, for rebuttal. The key issue before the court today is, did the Trademark Trial and Appeal Board error in applying grade preclusion prevented appellant's petition to cancel the registered mark of appellee Nylok Corporation? What about the compulsory counterclaim? Is the question of trademark validity a compulsory counterclaim in action for trademark validity? Well, are you suggesting that Rule 13 doesn't apply to default judgment? But Jet wasn't dealing with Rule 13. Rule 13 has not been, is not before the court on this issue either. It's never been brought before the board or on appeal either. I mean, the whole question of racial claim preclusion against defendant is a very complicated question. There's a lot of law out there that's really not treated in the way one agrees. One of the arguments for claim preclusion with respect to the defendant is that something is a compulsory counterclaim, which you're obligated to raise the issue of validity in response to the infringement of claiming that having failed to raise the compulsory counterclaim has to really be too late to do anything wrong. That will seem to be one of the arguments. Well, I think that those are the key issues that led to the, the same issues that led to the determination in Jet and Mayor Berkshire that registration is a separate matter for which the board and the trademark office is given authority. And that regardless of what type of earlier action there is, that a subsequent action for cancellation is a separate set of transactional facts, which reaches the same result that there's no claim preclusion and that there was no mandatory counterclaim in the earlier action. Well, what happens here? Let's suppose you succeed before the court. Isn't this a mechanism for collaterally attacking the earlier fault check? If you can get the mark canceled before the court, you'll go back to the district court and say, vacate the invention which is now determined that this is an invalid law. Well, that's... Isn't that what your plan is? That's, that's a hypothetical. The issue before the court in the district court judgment was infringement, likelihood of confusion, and really all that they, the district court determined was that Apelli owned federal registrations and that they were being infringed. Let me answer my question. If you succeed before the board in getting the mark canceled, would that not be then become a ground for collaterally attacking the earlier fault judgment and asking the injunction to be vacated? It, it may be, but the court, this court has held that the trademark trial and appeal board of the trademark office has the authority on petitions to cancel and that they're not mandatory to be raised in an earlier, that cancellation is not mandatory to be raised in an earlier infringement action precisely because they're a different set of transactional facts. Here, the cancellation issues are fraud, phantomness, genericness, lack of acquired distinctiveness, which do not have anything to do with the likelihood of confusion issue, which was alleged by Apelli in the earlier action. But if the judge points out, Had the prior case been adjudicated, those issues could have been raised, but they were not mandatory. It wasn't adjudicated. It was a default judgment. There was a default judgment, yes. The question that I have is there's a statement in the file showing that you were served on February 3rd, 2004. The file was properly served at that time, so they noticed it was mandatory. There, there was an issue over service that was brought to the appellate court and, but it was determined that, it was determined that they were served. That's not a part of the record. I don't have that before me. I will not, I will not contest that they were served. Right, if there, right, if there was an argument for that, that would have been appropriate to raise in the district court or in the appeal, even though they weren't a direct part of the appeal. Well, it's our position that that is not the issue that came before the board on summary judgment. That is not the issue that has been appealed and briefed by either party. I don't understand that. I mean, they certainly argue in their belief that it was a compulsory counter. I'm not sure that's right, but that is an argument that the board's not having. You know, there are only, there are only two arguments for a preclusion depending on these circumstances. One, it's a compulsory counter on which they should have raised and didn't, and they're concluded as to that. The second argument is that even if it's not a compulsory counterclaim, that because it's a collateral act, basically, on the earlier judgment, there's, there's a claim for collusion. There's a whole section right in the middle about that, like 50 pages, which nobody mentions in those cases. So, I mean, other than those two arguments, you're right. There's no, the claim for collusion doesn't apply against the defendant. But you have to address the question of one of those two arguments applies to whether it's compulsory counterclaim in which event you lose, or it's really a collateral act on the judgment in which event you lose. Well, the, the, the board's decision hinges on its interpretation of the rule set forth in Jack, and the three elements of identity of the parties, prior or final judgment, and arising from the same transaction. Those theories are, you know, that test is dealing with collusion of the plaintiff's claim. It's a, there's a different test for collusion of the defendant. But defendant is not now trying to raise the same claims. The defendant could have raised issues regarding likelihood of confusion. They could, they could have succeeded in avoiding, had they defended the infringement action, avoiding the infringement action on numeral, numerous basis without ever attacking the registration. It's our position. But that's the problem. You can't, you can't just sit there and not raise the defense, and then say, well, we got a default judgment against this. We'd like to proceed in this other forum, and then we'll use that to collaterally track the judgment. That's the problem. You understand what I'm saying, right? Yes. I gather that your position is that when the other forum is the administrative agency, the, whatever might be the general rules, if you were to try to come to a district court now and bring some sort of declaratory action on the same premises, that might be collateral to stop or preclude, but that such rules don't apply when you go to the TTA. And that's really what I wonder about as to whether, in fact, such rules do apply when the first decision was a district court decision. Right. And we. And that was a question, why should such rules apply? That is, it's irrelevant whether you did or didn't defend a district court. Because the Trademark Trial Appeal Board and the Patent and Trademark Office has been given sort of the primary authority over registrations. But they're certainly bound by the law of the land, and which then have the power of the judicial system in the administrative sense. Yes. I'm not sure I understand your question.  I'm trying to understand why the rules should be different for the TTAB than if, in fact, you had gone into a district court and raised this challenge, having declined to defend and received an adverse court judgment in the first district court. Well, in JET, the court says that there are different transactional facts for numerous reasons. Those reasons include that the. I think what Judge Newman is asking is, should the rules appraised to the economy be different because the second proceeding is for the TTAB? Well. The answer to that is no, right? It's the same rules apply all the time, appraised to the economy, right? Well, the authorities from the board and from this court have clearly held that an earlier infringement action does not bar a later cancellation, whether that infringement action was contested or defaulted or resulted in a final judgment. The question is, shouldn't the same rules apply if the second proceeding is for the TTAB? Well, that's a decision not for me to make. But here, they're different. The rules as they currently exist are different for the board because the board is not barred by prior compulsory counterclaim or a prior action when it comes to a petition to cancel. It's been held that that action before the board is not the same transactional facts, and therefore that claim is not barred from going forward. Well, does that confuse the facts with the nature of the action? The transactional facts are, it seems to me, identical, in that the issues are that the rules are the same, that are dealt with in both forms, and the grounds for challenging the rules are the same. The only difference being that in the first forum, we declined to present such a check. The grounds are not necessarily the same. The grounds of the earlier action were likelihood of confusion for infringement. I think that was there as a default. There were no grounds raised by the client. Correct. But my client could have defended that action and won based on no likelihood of confusion if that were the case. It's an adverse judgment. Yes. So what provides the opportunity to start again here on the forum? Well, because the cancellation is a separate issue. It's a separate remedy. But the issues are the same. The issues are not necessarily the same, in my belief. But it certainly is a separate remedy. It is a separate remedy. And it's a separate cause of action. Because as a named defendant, your client declined to defend. Yes. So we received an adverse judgment. Was it excused? Was it misadjudicated? As I read, I'm trying to understand why on those terms, one can start again in the first forum. Again, I could reiterate that the trademark office has the authority over registrations, the primary authority over registrations. And that it's been held that an attack on a registration, regardless of any prior actions or defaults on an infringement issue, does not preclude the trademark office from reviewing the claims of cancellation. Unless the cancellation action is a counterclaim, a mandatory counterclaim in the first action. If it's mandatory, then you lose, right? Well, even in one of the cases, I believe it's Vitally, where there is a mandatory counterclaim that had been asserted, but then had an adverse judgment in the first action, and the board did not preclude hearing the cancellation. In Vitally, I may have the case names mixed up. In Vitally, there was a counterclaim brought by the defendant. And then the same party later brought in action to cancel the same mark. And this court in 1989 held that the claim preclusion did not preclude it from going forward at the TTAB. Let's hear it from the other side. This morning, may it please the court. Richard Manny on behalf of the Vitally-Nylock Corporation. I want to begin by addressing the Vitally case. I think my opposing counsel misstated. In Vitally, they applied claim preclusion based on the earlier counterclaim. So there was claim preclusion in that case. One other thing I wanted to point out is Nace-Lock's counsel argued that the trademark board has sort of exclusive authority over registrations of the trademark. I don't believe that is correct. If you look at 15 U.S. Code section 1119 dealing with power of court over registration, it provides that in any action involving a registered mark, the court may determine the right to registration, order the cancellation of registrations, and hold the order in part. So in the earlier district court action, Nace-Lock could have asked, in addition to asking that the mark be declared invalid, that the mark be ordered, asking the district court to order the cancellation of the registration. So not only could they have made the entire claim in arguments, but also a relief as well, ordering a cancellation of the registration. Let me give you a hypothetical instance. There's a district court action for infringement of the trademark. Let's say with respect to goods in class A. And there's a failure to make a claim for cancellation or to challenge the trademark. But then there's a second district court action for infringement with respect to a different class of goods. Can the defendant in the second action raise the defense trademark invalidity? I know that's not this case, and I don't understand it very clearly. In the first case, it gets an injunction against using the mark for class A. But then the defendant wants an injunction in respect to using class B. And I assume it's the same parties in both cases? Yes, the same parties in both cases. I would say no, and here's the reason why. If you look at the Jett case- No preclusion. I believe there would be a preclusion. There would be. Because one of the necessary elements of a trademark infringement case is that the trademark owner has a valid trademark. The Jett case establishes that when it looks at the transactional factors. One requirement is a valid trademark. So in the earlier case, the validity of that trademark would have been part of the infringement claim. Yeah, the problem is that I don't know if you're familiar with Halkop, but we've suggested in the patent area that the second suit for infringement in respect to different goods, that you could raise the invalidity challenge. I am familiar with the Halkop case. I think one of the differences between a patent case and a trademark case is in a patent case, the validity isn't maybe a compulsory counterclaim, but it isn't an affirmative part of the infringement claim. In a trademark case, one of the necessary elements is a valid trademark. And that's because in a trademark infringement case, you don't necessarily need a federal registration to assert a trademark infringement claim. You can be relying on common law rights. And I'm not sure that that's the difference between a trademark and a patent case. But in any event, here, if the mark were declared invalid, that would be a collateral attack on the division of judgment, right? Because the only products that are issued between these parties are the same products that were issued in the first case, right? Yes, Your Honor. It's the exact same issues, the exact same products, the exact same registration. Well, you know, it could be misdemeanors to some goods and not as to others. So I think you don't want to generalize too far. But in this case, we're dealing with a nylon self-locking fastener, so the goods are identical in both cases. And to answer another question, we are asserting both a compulsory counterclaim and that they're attempting to collaterally attack the product of judgment. And there's one other point I wanted to make, is that there's an important factual difference between this case and the Jett case. And that important factual difference is that the mark that was the subject of the later cancellation proceeding in Jett was different than the mark, the trademark, asserted in the earlier trademark infringement case. Specifically, the mark that was the subject of the later cancellation proceeding was the appellee's mark, aerobic Jett, whereas the trademark being asserted in the earlier case was the appellant's mark, Jett. Here, we're dealing with identical marks. Also, in the Jett case, they attempted – Jett, the appellant attempted in the district court action to bring a cancellation claim and was denied leave. There was a point that the appellation was Jett. Yes. That information is there. Yes, sir. The issues that were raised in the trademark office generally seem to attract the issues that those defendants that did defend in the district court had raised. However, this – however, your – in this case, this particular defendant raised no issues. And so why should that defendant be allowed only to stop from going into the administrative tribunal and challenging the pressure of the existence of this mark? Well, the reason is that because claim preclusion not only precludes claims that were actually made but claims that could have been made and should have been made. And it's the latter part that they hadn't noticed. And every opportunity to raise the exact same arguments and seek the exact same relief we're seeking here. So there's no difference between what couldn't have been made and what must have been made? This is a closer defense to the argument? Yes, Your Honor. So there's no difference? There's no difference. I think the arguments are identical in terms of what they're asserting here and what they could have asserted. And I don't think there's really any dispute because – Well, that's the whole problem. I don't think that the restricted power of the district court is allowed to cover everything that can be covered by the court of law. They don't need to be saying anything. No, no, no. I guess if I – perhaps I misunderstood the question. I'm not saying – we're relying on claim preclusion saying that the prior district court action, that the claims for invalidity in this case should have been asserted as a compulsory counterclaim or as an affirmative defense. What you're saying is if they witness it before the court, they can come back and get rid of it and throw a judgment that they don't like. Exactly. Exactly. And I submit that's why they brought this case. I'm sorry. No. Any other questions? Thank you, Mr. Moody. Thank you, Your Honor. Thank you, Your Honor. The board's decision clearly states that it comes before the board on Iowa's motion for summary judgment on the affirmative defense as claim preclusion. And later that under the doctrine of claim preclusion, the judgment on the merits, quoting Jett, and then the three-part rule from Jett. And it's clear that claim preclusion is the key issue before the board and before this court. And that in Jett and Mayor Berkshire and other cases, that it's been held that the registration attack is not the same set of transactional facts as the prior infringement action. And as you noted, that there is a difference between arguments that could or should have been made in an earlier action versus arguments that must have been made, which obviously is whether there's compulsory counterclaim or not. But here, the arguments, they were not required to have been made as the law of this court has stated in Jett and Mayor Berkshire because of different transactional facts. And one reason perhaps behind the rule is the public's interest in a registration. The fact that the registration, registrability in an infringement action may be primarily an issue of likelihood of confusion. But that there are other grounds for attacking a registration, such as genericness, descriptiveness, fraud. And that these issues are before the trademark office because of not just the interest of the party bringing the claim, but because of the interest of the records of the trademark office and the general public. But all of those could have been brought before the district court. Could have been, could have been, but we're not required to. As far as writing, sir, do you agree with the police counsel that- I misspoke. I misspoke regarding the holding and inviting. I'm not saying that you would. So I presume it's not a case in your favor. Well, actually, it's one case that I'm aware of where claim preclusion operated to prevent the subsequent cancellation. And it's a very unique set of facts in that the issue, the first action was based on whether or not there was fraud regarding a declaration of continued use, a section 8 affidavit. The attempt at the second cancellation was based on abandonment and inherent or tied up in the abandonment was the same fact that when they made this section 8 declaration, they were not using the mark. So it was held that claim preclusion was triggered in that case because the facts, the same facts, the same evidence were necessary to both claims. I'm happy to answer any further questions. Thank you for your time. All rise. The hearing is adjourned until tomorrow morning at 10 a.m.